UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAD and GINGER McGEER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, et al.,<br><br>Defendants. | CASE NO. C09-5330 BHS<br><br>ORDER GRANTING DEFENDANT BNSF RAILWAY COMPANY'S MOTION TO AMEND AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS |

This matter comes before the Court on Defendant BNSF Railway Company's ("BNSF") motion to amend (Dkt. 50) the March 9, 2011 scheduling order (Dkt. 44). On April 19, Plaintiffs filed a brief in opposition to BNSF's motion and moved for sanctions against them. Dkt. 53. On April 12, 2012, BNSF filed a reply brief. Dkt. 56.  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants BNSF's motion to amend and denies Plaintiffs' motion for sanctions for the reasons stated herein.

ORDER - 1

## I. FACTUAL & PROCEDURAL HISTORY

This case arises out of a fire that occurred on BNSF property and spread through Broughton Lumber Company onto Plaintiffs' properties. To avoid detailing over two years of procedural history in this case, the Court will provide a brief summary focusing on actions directly pertinent to the instant motion.

Plaintiffs filed their complaint against Defendants on June 8, 2009. Dkt. 1. Following appearances for the Defendants, they filed their answer on September 8, 2009. Dkt. 17. On October 13, 2009, the Court issued a Minute Order setting the trial date and accompanying discovery deadlines. Dkt. 19. The parties then proceeded to conduct discovery, primarily of lay witnesses.

On February 7, 2011, Plaintiffs requested a change in the trial setting of this matter, pending issuance of the State Supreme Court's decision in *Jongeward v. BNSF*, Cause No. 2:09-CV-09-00010-RMP. Dkts. 40 and 41. The parties agreed to a stipulated discovery schedule, which was memorialized by the Court in its March 9, 2011 order. Dkt. 44. The parties continued with discovery.

BNSF's instant motion arises out of the fact that the State Supreme Court has not yet issued its decision in *Jongeward*. Dkts. 50 and 56. BNSF seeks amendment to the March 9, 2011 scheduling order because the *Jongeward* decision could significantly impact their experts' opinions, both as to the substance of their opinions and cost estimates. *Id*. Plaintiffs oppose BNSF's motion arguing, in part, that the decision in *Jongeward* has no bearing on their case. Dkt. 53. Plaintiffs also seek sanctions against

1  BNSF for its lack of diligence in responding to discovery requests involving disclosure of
2  their experts' reports. *Id*.

## II. DISCUSSION

In this case, both parties have proceeded in a manner not entirely consistent with the timeliness expected of litigants. However, some of this is attributable to the suspension of the normal scheduling order, pending the outcome of the State Supreme Court's decision in *Jongeward*. This Court issued its March 9, 2011 order to continue the trial date pending the outcome of *Jongeward* on Plaintiffs' motion, a decision which they now argue has no bearing on their case. Dkt. 44. In the same order, the Court granted the parties' joint motion to amend the remainder of the scheduling order, while *Jongeward* was pending. *Id*. Although *Jongeward* was heard on November 15, 2011, we still await the State Supreme Court's decision.

Had BNSF recognized that establishing witness deadlines was unwise until *Jongeward* was issued, this motion would not be before the Court. Nonetheless, the fact remains that the decision in *Jongeward* could significantly impact this case, especially on the issue of damages. Failing to grant an extension of discovery, until after the issuance of *Jongeward*, would result in inefficient use of the parties' and the Court's resources.

Given the foregoing discussion, the Court has determined that BNSF's conduct does not merit sanctions.

# III. ORDER

Therefore, it is hereby **ORDERED** that:

1. BNSF's motion to amend (Dkt. 50) the scheduling order is **GRANTED**;

2. The parties are to submit a Joint Status Report within fifteen (15) days of the issuance of the State Supreme Court's decision in *Jongeward*; and

3. Plaintiffs' motion for sanctions is **DENIED**.

Dated this 10th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge