UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAD MCGREER, et. al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, et al.,<br><br>　　　　Defendants. | CASE NO. C09-5330 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant BNSF Railway Company's ("BNSF") motion for partial summary judgment. Dkt. 80. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On June 8, 2009, Plaintiffs initiated this lawsuit seeking recovery for damages caused by a fire that allegedly started along BNSF track in the Columbia Gorge on or about September 20, 2007, and eventually burned Plaintiffs' residential properties. *See* Dkt. 1 at 1-11 (Complaint for Damages). Plaintiffs' complaint alleged only one set of facts – i.e., the September 20, 2007 fire – but made claims under negligence, trespass,

ORDER - 1

statutory nuisance [RCW 7.48.120], violation of the timber trespass statutes [RCW 64.12.030-.040] and the fire act [RCW 4.24.040-.060]. *Id.* at 7. After the case was initiated, two other pending federal cases with closely related or similar facts certified questions to the Washington State Supreme Court that required that Court to construe the timber trespass statutes and determine whether they apply to fire that spreads from BNSF property and destroys trees on the property of others – just as in this case. *Broughton Lumber v. BNSF Railway Co, et al.*, 174 Wn.2d 619, 623 (2012); *Jongeward v. BNSF Railway*, 174 Wn.2d 598, 590, 278 P.2d 157 (2012). *Broughton Lumber* actually involved the same September 20, 2007 fire in the Columbia Gorge and was initiated by a neighbor of the plaintiffs in this action. The *Jongeward* case involved a different fire, allegedly started by BNSF, but involved the same claims and the same counsel represented the plaintiffs there and here. *See* Dkt. 41 at 2 (Declaration of Richard C. Eymann).

Given the related and relevant nature of the questions to be determined by the Washington Supreme Court in the *Broughton Lumber* and *Jongeward* matters, this case was continued until the Washington Supreme Court issued its opinions in those two closely related cases. *See* Dkt. 44 at 1-2 (Order). Those opinions have now issued.

On February 13, 2013, BNSF filed the instant motion for partial summary judgment against Plaintiffs. Dkt. 77. On March 1, 2013, Plaintiffs filed a response, which does not oppose the majority of BNSF's motion for partial summary judgment. Dkt. 79. On March 8, 2013, BNSF filed a reply brief. Dkt. 80.

## II. DISCUSSION

This motion comes before the Court largely unopposed. BNSF moves the Court for an order granting partial summary judgment (1) dismissing with prejudice Plaintiffs' claims under the Washington State timber trespass statutes, RCW 64.12.030-.040, and Washington State fire act, RCW 4.24.040-.060, and (2) dismissing Plaintiffs' trespass and statutory nuisance claims because they are based on the same negligence conduct as Plaintiffs' negligence claim, and thus do not constitute separate claims. Dkt. 77 at 1-2. "Plaintiffs agree they cannot maintain a cause of action under the timber trespass or fire act statutes." Dkt. 79 at 2. "Plaintiffs also agree their claims for "trespass and nuisance should not be considered apart from their negligence claim for purposes of liability." *Id*. Plaintiffs and BNSF agree that the alleged nuisance and trespass have their origin in negligence and, as such, are subsumed in that cause of action. *Id*. at 3.

The only remaining issue BNSF asks this Court to decide is whether damages for loss of use and enjoyment of Plaintiffs' property, personal discomfort, annoyance, irritation and anguish are available where their claim for nuisance is based solely on negligence or negligent acts by the defendants. The parties concede this is a purely legal issue. Dkts. 77 at 5 & 79 at 2.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**B.   Parties' Arguments**

BNSF argues that Washington law does not support Plaintiffs' contention that they are entitled to a full range of damages under a nuisance claim for their negligence cause of action. Dkt. 80 at 2. BNSF observes that Plaintiffs recognize when nuisance and trespass claims are based on negligence, the rules of negligence apply and are not considered separately from the negligence claim. *Id*. (*citing Atherton Condo Ass'n v. Blume Dev. Co.*, 115 Wn.2d 506, 527-528 (1990) (*citing Hostetler v. Ward*, 41 Wn. App. 343, 360 (1985) (citations omitted). BNSF thus maintains that "this [principle] is true for determining both liability and damages." Dkt. 80 at 2 (*citing see Albin v. Nat'l Bank of Commerce*, 60 Wn.2d 745, 753 (1962). BNSF argues that damages for annoyance, inconvenience, discomfort and/or mental anguish or emotional distress are only

1  recoverable for an intentional interference with property – i.e. an intentional nuisance.

2  Dkt. 80 at 3 (*citing Schwarzmann v. Apartment Owners*, 33 Wn. App. 397, 404 (1982)

3  (*citing Cherberg v. Peoples Nat'l Bank*, 88 Wn.2d 595, 564 (1977) (citations omitted).

4  Thus, according to BNSF, "these elements are recoverable as damages only for

5  intentional or willful acts – not negligence." *Id*. (*citing White River Estates v. Hiltbruner*,

6  134 Wn.2d 761, 768 (1998) (*citing Washington State Physicians Ins. Exch. & Ass'n v.*

7  *Fisons Corp.*, 122 Wn.2d 299, 858 P.2d 1054 (1993)); (citation omitted).

8        BNSF further argues none of the cases where nuisance theory is based upon and

9  subsumed in the negligence claim, as here, allow separate or additional damages. Dkt. 80

10  at 3 (*citing Atherton*, 115 Wn.2d 506; *Hostetler*, 41 Wn. App. 343; *Kaech*, 106 Wn. App.

11  260; *Lewis*, 101 Wn. App. 178). Nor, BNSF argues, do nuisance cases allow recovery

12  for these additional elements that do not involve negligence but instead [allows for such

13  recovery for] intentional or willful acts. *Id.* at 4-5 (case citations omitted).

14        Plaintiffs argue they are entitled to damages recoverable under a nuisance theory,

15  i.e., the loss of use and enjoyment of their property, personal discomfort, annoyance,

16  irritation and anguish. Dkt. 79 at 4 (*citing Wilson v. Key Tronic Co.*, 40 Wn. App. 802,

17  809-11(1985) setting forth damages available under nuisance theory). Plaintiffs contend

18  there is a specific purpose underlying the rule that "a 'negligence claim presented in the

19  garb of nuisance' need not be considered apart from the negligence claim." *Id. (citing*

20  *Atherton*, 115 Wn.2d at 527 (*quoting Hostetler*, 41 Wn. App. 343, 360, 704 P.2d 1193

21  (1985), *review denied*, 106 Wn.2d 1004 (1986)). They argue that "[t]he purpose is not to

22  limit recoverable damages, but to ensure a party does not escape application of the rules

ORDER - 5

of negligence (e.g., contributory negligence) by relabeling a claim as nuisance when the wrongful conduct giving rise to the nuisance is a negligent act or omission." *Id*. at 4 (*citing see Hostetler*, 41 Wn. App. at 360; *Albin*, 60 Wn.2d 745, 753 (1962). Here, Plaintiffs maintain "they are not attempting to use nuisance to cut-off the defense of contributory negligence." *Id*. They further contend that none of the cases cited by Defendants support the position that Plaintiffs are not entitled to the damages they seek. *Id*. at 4 & 5.

**C.     Analysis and Conclusions**

By stipulation, BNSF admitted that they were negligent in failing to prevent the spread of the fire to Plaintiffs' properties, and that their failure to prevent the spread of the fire caused damage to those properties. Dkt. 78 at 2. The Plaintiffs also concede that their claims for trespass and nuisance are based on the same set of facts as their negligence claims. Dkt. 79 at 3. Furthermore, the parties acknowledge, that legally a "negligence claim presented in the garb of nuisance need not be considered apart from the negligence claim." *Atherton*, 115 Wn.2d at 527 (*citing Hostetler*, 41 Wn. App. 343, 360 (1985)). "In those situations where the alleged nuisance is the result of the defendants alleged negligent conduct, rules of negligence apply." *Id*.

While *Atherton* and *Hostetler* do not directly address the damages issue remaining in this case, the rule articulated above and applied in those cases is a general rule, and nothing in either opinion indicates the application of the rule is limited to liability only. *See Atherton*, 115 Wn.2d 506; *Hostetler*, 41 Wn. App. 343; *see also Sourakli v. Kyriakos, Inc*.144 Wn.App. 501, 515 (2008) (citing *Hostetler*, the court held in relevant part

1  "[b]ecause Sourakli's nuisance theory … rests on the same set of facts as his negligence
2  theory…, it does not provide an alternative basis for damages").  Therefore, the Court
3  declines to read a limitation into the rule that, as here, in "situations where the alleged
4  nuisance is the result of the defendants' alleged negligent conduct, rules of negligence
5  apply."  *Atherton*, 115 Wn.2d at 527 (*citing Hostetler*, 41 Wn. App. 343, 360 (1985)).

6       Furthermore, as BNSF argues, the reasoning above is consistent with Washington
7  law allowing recovery of damages for annoyance, inconvenience, discomfort and/or
8  mental anguish or emotional distress only for intentional interference with property, e.g.
9  intentional nuisance.  Dkt. 80 at 3; *see Schwarzmann v. Apartment Owners*, 33 Wn. App.
10 397, 404 (1982) ("this state has indeed recognized that damages for inconvenience,
11 discomfort and mental anguish may result from an intentional interference with property
12 interests").  Such damages are recoverable only for willful acts, not negligence.  *See, e.g.,*
13 *White River Estates v. Hiltbruner*, 134 Wn.2d 761, 768 (1998) (consistent with rule that
14 damages for emotional suffering are available only upon proof on an intentional tort, the
15 court declined to allow emotional distress damages where the statutory violation requires
16 only proof of negligent conduct); *Murphy v. Tacoma*, 60 Wn.2d 603, 617-21 (1962)
17 (holding no annoyance, inconvenience, discomfort or mental anguish/suffering damages
18 available for nuisance claim that lacked evidence of any

malicious or willful act)[1].  Plaintiffs have stipulated and agreed that BNSF's conduct constituted negligence. Therefore, they are not allowed to seek separate and additional damages for annoyance, inconvenience, discomfort or mental anguish, as such damages are not recoverable for negligence claims under Washington law.

### III. ORDER

Therefore, it is hereby **ORDERED** that BNSF's motion for partial summary judgment (Dkt. 77) is **GRANTED**.

Dated this 29th day of March, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[1] BNSF's brief also provides additional support for its position with an accurate gloss of additional nuisances cases where recovery for annoyance, inconvenience, discomfort, and mental anguish or suffering was allowed, but none of those cases involved a claims for nuisance based solely on the negligent conduct of the defendant, as this case does.  *See* Dkt. 80 at 4-5.