UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAD MCGEER, et al.,

                    Plaintiffs,

        v.

BNSF RAILWAY COMPANY, et al.,

                    Defendants.

CASE NO. C09-5330 BHS

ORDER ALLOWING
ADDITIONAL BRIEFING AND
RENOTING THE MOTION FOR
RECONSIDERATION

        This matter comes before the Court on Plaintiffs' motion for partial reconsideration (Dkt. 84). The Court has considered the pleadings filed in support of the motion and the remainder of the file, and hereby allows for additional briefing and renotes the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

        On February 13, 2013, BNSF filed a motion for partial summary judgment against Plaintiffs. Dkt. 77.  On March 1, 2013, Plaintiffs filed a response, which did not oppose the majority of BNSF's motion for partial summary judgment.  Dkt. 79.  On March 8, 2013, BNSF filed a reply brief.  Dkt. 80.

        On March 29, 2013, the Court granted BNSF's motion for partial summary judgment.  Dkt. 83.  Finding the motion largely unopposed, the Court determined the only remaining issue BNSF asked the Court to decide is "whether damages for loss of use

1  and enjoyment of Plaintiffs' property, personal discomfort, annoyance, irritation and

2  anguish are available where their claim for nuisance is based solely on negligence or

3  negligent acts by the defendants." *Id*. at 3.  The Court determined that Plaintiffs "are not

4  allowed to seek separate and additional damages for annoyance, inconvenience,

5  discomfort or mental anguish . . . ." *Id*. at 8.

6      On April 1, 2013, Plaintiff's filed the instant motion for reconsideration, arguing

7  that BNSF raised the argument regarding damages for the first time in its reply brief, that

8  Plaintiffs have not had the opportunity to respond, and thus the Court should modify its

9  order by limiting it to the relief BNSF requested: "dismissal of Plaintiffs' trespass and

10  nuisance claims."  Dkt. 84 at 1-2.

11                          **II. DISCUSSION**

12      Motions for reconsideration are governed by Local Rule CR 7(h), which provides

13  as follows:

14          Motions for reconsideration are disfavored. The court will ordinarily
          deny such motions in the absence of a showing of manifest error in the
15          prior ruling or a showing of new facts or legal authority which could not
          have been brought to its attention earlier with reasonable diligence.
16
17  Local Rule CR 7(h)(1).

18      In this case, Plaintiffs do not argue that the Court committed a manifest error of

19  law.  Rather, Plaintiffs ask the Court to reconsider the scope of its order and, in particular,

20  the language stating that Plaintiffs "'are not allowed to seek separate and additional

21  damages for annoyance, inconvenience, discomfort or mental anguish, as such damages

22  are not recoverable for negligence claims under Washington law.'"  Dkt. 84 at 2 (*citing*

1    Dkt. 83 at 8).  Plaintiffs argue that the issue of whether Plaintiffs may recover these

2    damages under negligence (as opposed to nuisance theory) was not raised as an issue by

3    BNSF in its initial brief, but only in its reply.  *Id*. Thus, Plaintiffs essentially maintain

4    that, as a matter of fairness and equity, the Court should not consider the argument raised

5    for the first time in BNSF's reply to which Plaintiffs did not have the opportunity to

6    respond. *Id*.

7         Although "[t]he district court need not consider arguments raised for the first time

8    in a reply brief," it nevertheless has the discretion to do so.  *Zamani v. Carnes*, 491 F.3d

9    990, 997 (9th Cir. 2007).  Here, BNSF's reply brief does not raise new issues or

10   arguments. Rather, BNSF's brief replies to specific arguments involving damages raised

11   in Plaintiffs' responsive brief.

12        Once the parties agreed that the alleged nuisance and trespass had their origin in

13   negligence and, as such, are subsumed in negligence, then the damages may be restricted

14   to those recoverable for that cause of action.   As noted above, in their response to

15   BNSF's motion, Plaintiffs provided argument regarding the specific type of damages that

16   should be available to them.  Now, Plaintiffs attempt to argue that in their responsive

17   brief they made only a "limited argument" "that their nuisance theory should remain

18   viable for the purposes of damages."  Dkt. 84 at 4.  Plaintiffs contend they did not address

19   the "separate issue of whether they were entitled to damages" "under theories of

20   negligence." *Id*.

21        However, in this case, the Court finds Plaintiffs' attempt to argue that they did not

22   address the "separate issue" of whether they were entitled to damages under theories of

1  negligence unpersuasive.  As the Court summarized in its prior order, Plaintiffs argued

2  that they were entitled to recover specific types of damages under nuisance theory, even

3  where, as here, the cause of action pending before the Court is negligence.[1]  *See* Dkt. 79

4  at 3-6.  In fact, while the Court recognizes that Plaintiffs asserted that "the issue of

5  damages is for another day" (*id*. at 5), their arguments regarding what type of damages

6  are available to them, which comprises about half of their responsive brief, indicates that

7  Plaintiffs understood that damages may indeed be at issue.  In what the Court views as an

8  argument in the alternative (i.e. if damages are at issue), Plaintiffs took the opportunity to

9  make their position clear regarding which damages they are entitled to in this type of

10 action.  Further, in reply to Plaintiffs' damages argument, BNSF devoted almost the

11 entirety of its responsive brief to arguing that Plaintiffs are not entitled to seek damages

12 for personal discomfort, annoyance, irritation and anguish.  *See* Dkt. 80 at 2-7.  If the

13 _____

14    [1] In its prior order, the Court summarized the majority of Plaintiffs' responsive arguments
   regarding damages as follows:

15         Plaintiffs argue they are entitled to damages recoverable under a nuisance theory,
       i.e., the loss of use and enjoyment of their property, personal discomfort, annoyance,

16     irritation and anguish. Dkt. 79 at 4 (*citing Wilson v. Key Tronic Co*., 40 Wn. App. 802,
       809-11(1985) setting forth damages available under nuisance theory). Plaintiffs contend

17     there is a specific purpose underlying the rule that "a 'negligence claim presented in the
       garb of nuisance' need not be considered apart from the negligence claim." *Id*. (*citing*

18     *Atherton*, 115 Wn.2d at 527 (*quoting Hostetler*, 41 Wn. App. 343, 360, 704 P.2d 1193
       (1985), *review denied*, 106 Wn.2d 1004 (1986)). They argue that "[t]he purpose is not to

19     limit recoverable damages, but to ensure a party does not escape application of the rules
       of negligence (e.g., contributory negligence) by relabeling a claim as nuisance when the
       wrongful conduct giving rise to the nuisance is a negligent act or omission." *Id*. at 4

20     (*citing see Hostetler*, 41 Wn. App. at 360; *Albin*, 60 Wn.2d 745, 753 (1962)). Here,
       Plaintiffs maintain "they are not attempting to use nuisance to cut-off the defense of

21     contributory negligence." *Id*. They further contend that none of the cases cited by
       Defendants support the position that Plaintiffs are not entitled to the damages they seek.
       *Id*. at 4 & 5.

22 Dkt. 83 at 5-6.

1   Plaintiffs believed Defendants' reply contained new argument on additional legal issues

2   to which they were not provided a fair opportunity to respond, Plaintiffs should have

3   moved the Court to strike arguments that were improperly raised in the reply brief and/or

4   sought the opportunity to file a surreply or supplemental brief with additional legal

5   argument responding to Defendants' newly raised arguments.  Though Plaintiffs had the

6   time to do either, prior to the Court's ruling on Defendants' motion, Plaintiffs did neither.

7           However, in the interests of fully resolving all legal issues before it, the Court will

8   provide Plaintiffs the opportunity to file a brief in support of their contention that they are

9   entitled to pursue the damages they seek under nuisance theory, i.e. "personal discomfort,

10  annoyance, irritation and anguish."  Dkt. 79 at 4.  BNSF may file a response to Plaintiffs'

11  brief.  Plaintiffs' brief, which is not to exceed 12 pages, must be filed by April 17, 2013.

12  BNSF's response, which is not to exceed 10 pages, must be filed by April 24, 2013.  The

13  motion for reconsideration is renoted for consideration on April 24, 2013.

### III. ORDER

14

15          Therefore, it is hereby **ORDERED** that the parties may file additional briefing in

16  accordance with the schedule set forth above and the motion for reconsideration (Dkt. 84)

17  is renoted to April 24, 2013.

18          Dated this 10th day of April, 2013.

19

20

21          BENJAMIN H. SETTLE
    United States District Judge

22